# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**West Virginia Continuing Legal Education Commission,**
**Petitioner**

**vs.)    No. 22-827**

**Gregory J. Campbell, Harrison Paul Case,**
**Matthew Edward DeVore, Christian Alexander**
**Gerencir, Amanda Beth Godwin, Dasha Gorlov,**
**Jeffry H. Hall, Eric Paul Hensil, Holly Wolfe**
**Hinerman, William P. Jones, Erryonna Nichelle**
**Leonard, Mark P. Pellegrin, Anthony F. Reilley,**
**Virginia Shenkan, Joseph G.**
**Troisi, and David R. Tyson,**[1]
**Respondents**

## MEMORANDUM DECISION

On November 4, 2022, the West Virginia Mandatory Continuing Legal Education Commission ("Commission") filed a petition under Rule 6.06(f) of the West Virginia State Bar Administrative Rules seeking the suspension of the licenses to practice law of forty-eight members of the West Virginia State Bar. Each of the forty-eight members of the West Virginia State Bar failed to provide proof of compliance with the Court's rules regarding mandatory continuing legal education for the period of July 1, 2020, through June 30, 2022. On November 15, 2022, the Commission filed a motion to amend the petition, together with an amended petition. The Court granted the motion to amend the petition, and the amended petition was filed.

On December 5, 2022, the Court issued a rule to show cause, returnable March 1, 2023, commanding and directing each respondent to show cause as to why they should not be suspended from the practice of law for noncompliance. The rule to show cause order was sent by first class United States mail to each of the respondents. The rule to show cause order was also filed on the Court's electronic filing system, File & ServeXpress.

Since the issuance of the rule to show cause on December 5, 2022, thirty-three respondents were dismissed from this action for providing satisfactory proof of compliance with mandatory continuing legal education requirements or for other reasons. The following fifteen respondents

---

[1]On December 6, 2022, the Court issued a mandate in consolidated cases *Lawyer Disciplinary Board v. Tyson*, No. 20-1027, and *Office of Lawyer Disciplinary Counsel v. Tyson*, No. 22-0342. By those consolidated cases, David R. Tyson's license to practice law was suspended for a period of three years, in addition to other sanctions, and his license to practice law was annulled. David R. Tyson was not dismissed from this action, but his license to practice law has been annulled.

1

remain: Gregory J. Campbell, Harrison Paul Case, Matthew Edward DeVore, Christian Alexander Gerencir, Amanda Beth Godwin, Dasha Gorlov, Jeffry H. Hall, Eric Paul Hensil, Holly Wolfe Hinerman, William P. Jones, Erryonna Nichelle Leonard, Mark P. Pellegrin, Anthony F. Reilley, Virginia Shenkan, and Joseph G. Troisi.

Under Rule 6.02 of the West Virginia State Bar Administrative Rules, all active members of the West Virginia State Bar were required to complete twenty-four credit hours of approved continuing legal education between July 1, 2020, and June 30, 2022, unless an exemption to the requirement for twenty-four credit hours applied under Rule 6.04. At least three of the required credit hours must have been in the topical areas of legal ethics, office management, substance abuse and/or elimination of bias in the legal profession. All active attorneys were required to report the completion of the requirements on or before July 31, 2022.

In accordance with Rule 6.06(b), the Commission notified respondents by e-mail that they were not in compliance with the reporting of minimum continuing legal education requirements, and further specified the manner in which each respondent had failed to comply.

Finally, as required by Rule 6.06(d), the Commission served notices on respondents on October 3, 2022, by certified or registered mail, to the most recent address maintained in the records of the West Virginia State Bar. The notice advised each respondent of their noncompliance with the rules governing mandatory continuing legal education. The notice specifically advised each respondent that the Commission would, after a thirty-day notice period, notify this Court of each respondent's noncompliance and request that this Court suspend each respondent's license to practice law in this State until such time as each respondent could demonstrate compliance with the mandatory continuing legal education requirements for the 2020 to 2022 reporting period.

Although each respondent had a thirty-day period after issuance of the notice to demand a hearing before the Commission, no respondent did so. On November 4, 2022, the Commission instituted this action.

Upon review of the petition, and its attachments, this Court finds that the Commission has complied with all relevant procedural requirements of the West Virginia State Bar Administrative Rules. This Court finds that the remaining fifteen respondents have failed to provide proof of compliance with the applicable mandatory continuing legal education requirements despite having received numerous notices from the Commission and this Court, and despite having ample opportunity to comply with the requirements.

Accordingly, it is ADJUDGED, ORDERED, and DECREED that the licenses to practice law in the State of West Virginia of each of the remaining respondents – Gregory J. Campbell, Harrison Paul Case, Matthew Edward DeVore, Christian Alexander Gerencir, Amanda Beth Godwin, Dasha Gorlov, Jeffry H. Hall, Eric Paul Hensil, Holly Wolfe Hinerman, William P. Jones, Erryonna Nichelle Leonard, Mark P. Pellegrin, Anthony F. Reilley, Virginia Shenkan, and Joseph G. Troisi – are suspended, **effective immediately**, until such time as respondents shall have complied with the following: (1) the mandatory continuing legal education and reporting requirements set forth in West Virginia State Bar Administrative Rules; and (2) the financial

penalties or other requirements imposed by the Commission through the West Virginia State Bar Administrative Rules. Upon completion of these requirements to the satisfaction of the Commission, each respondent's license shall be automatically reinstated unless the respondent is under suspension or annulment for another reason or reasons.

It is finally ADJUDGED, ORDERED, and DECREED that the Clerk of Court give notice of this MEMORANDUM DECISION to each of the remaining respondents. The Clerk is further directed to issue the mandate in this action forthwith.

Law Licenses Suspended.

**ISSUED:** April 11, 2023

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn